UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KEVIN DUDDLES,**

       **Petitioner,**

                                  Civil No: 07-CV-11007
                                  HONORABLE DENISE PAGE HOOD

**v.**

**MILLICENT WARREN,**

       **Respondent**

_____

**OPINION & ORDER DISMISSING
HABEAS PETITION WITHOUT PREJUDICE**

**I. Introduction**

     This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. §2254. Petitioner was convicted of operating a vehicle under the influence of intoxicating liquor, third offense, and acknowledged his status a s fourth habitual offender. Petitioner was sentenced to one year in a substance abuse treatment program and five years probation. However, Petitioner violated his probation by using cocaine and being dismissed from the substance abuse program. At sentencing the trial court declined to apply the sentencing guidelines and sentenced Petitioner to a term of fifteen to thirty years imprisonment, which is an upward departure from the minimum guidelines range of ten to forty-six months. Petitioner is challenging the constitutionality of his sentence.

     Petitioner states in his habeas petition that he has filed a motion for relief from judgment and that it is pending. For the reasons set forth below, the Court will dismiss Petitioner's habeas petition without prejudice.

## II. Procedural History

Following his conviction and sentencing, Petitioner filed an appeal with the Michigan Court of Appeals asserting that the trial court erred by imposing a sentence in violation of the state statutory guidelines. The Michigan Court of Appeals denied relief. *People v. Duddles,* No. 251824 2005 WL 562818 (Mich. Ct. App. March 10, 2005) (per curiam). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the same claim, which was denied. *People v. Duddles,* 474 Mich. 951; 706 N.W.2d 728 (2005) (Table) (Mich. Dec. 9, 2005).[1] Petitioner states that he has filed a motion for relief from judgment with the Kalkaska County Circuit Court raising the same claim he raises in this petition, which remains pending.

## III. Discussion

A prisoner confined pursuant to a Michigan conviction who has filed a petition for a writ of habeas corpus under 28 U.S.C. §2254 must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Therefore, a prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d at 160. Exhaustion requires that a petitioner provide the state courts with the opportunity to correct any constitutional violations by invoking "one full round" of the state's appellate review process. *Id.*

---

[1] Justice Kelly dissented stating that she would remand the case for re-sentencing because the trial court unreasonably departed from the sentencing guidelines pursuant to *People v. Babcock,* 469 Mich. 247; 666 N.W.2d 231 (2005).

Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application, of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. §2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court, otherwise, the Court cannot apply the standard found at 28 U.S.C. §2254.

Petitioner in this case has not met his burden of showing exhaustion of state court remedies. He admits that he has a motion for relief from judgment pending in the state courts concerning his present habeas claim. Petitioner must complete the state court process before seeking habeas relief in this Court.

**III. Conclusion**

For the reasons stated above, Petitioner has not fully exhausted his state court remedies as to his habeas claim.

Accordingly,

IT IS HEREBY ORDERED that the "Application for Writ of Habeas Corpus under 28 U.S.C. §2254" **[Doc. #1-1, filed March 8, 2007]** is **DENIED** and this matter is **DISMISSED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED that Petitioner move to reopen his federal habeas corpus petition under its present case number within **sixty (60) days** of exhausting his state court remedies should he desire to continue his pursuit of habeas relief in this matter.

|  |  |
|---|---|
|  | s/ DENISE PAGE HOOD |
|  | HONORABLE DENISE PAGE HOOD |
| Dated: October 31, 2007 | UNITED STATES DISTRICT COURT |

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2007, by electronic and/or ordinary mail.

                                                S/William F. Lewis
                                                Case Manager